**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Karen A. Johannesen, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   10 C 3912 |
| American Coradius International, LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Karen A. Johannesen, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that the form of Defendant's debt collection letter violates the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.   Plaintiff, Karen A. Johannesen ("Johannesen"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to

collect a delinquent consumer debt allegedly owed for a Chase/WaMu checking account.

4. Defendant, American Coradius International, LLC ("ACI") is Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, ACI was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

5. Defendant ACI is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, ACI does business in Illinois by collecting delinquent consumer debts from thousands of Illinois consumers via collection letters it sends to them in Illinois.

6. Defendant ACI is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, ACI acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Johannesen had a checking account with Washington Mutual ("WaMu") in California. When she moved to Chicago, she made a deposit at a Chase branch here after Chase had taken over WaMu. For unexplained reasons, Chase did not put the deposit into her account and instead sent the deposit to a branch in California to be deposited. This caused Ms. Johannesen's account to become over-drawn, due to the late posting of the deposit and Chase/WaMu's demand that she pay it

overdraft fees and costs for Chase/WaMu's error. Ms. Johannesen declined to pay for Chase/WaMu's mishandling of her deposit.

8. Nonetheless, on November 19, 2009, Chase/WaMu sent Ms. Johannesen a letter, demanding that she pay it $138.14 for her now-closed checking account. A copy of Chase/WaMu's letter is attached as Exhibit C.

9. Chase/WaMu then turned this alleged $138.14 debt over to defendant ACI for collection, and on January 5, 2010, ACI sent Ms. Johannesen an initial form collection letter demanding payment of the debt she allegedly owed to Chase/WaMu. Although this letter stated that the "Account Balance" was $138.14, it went on to claim that:

* * *

> As of the date of this letter, you owe $138.14. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If an adjustment is made, we may attempt to contact you again about the adjustment.

* * *

This letter was sent within one year of the date of this Complaint and is attached as Exhibit D.

10. In fact, the debt which ACI was attempting to collect was not for a credit card account, which might have interest, late charges or other charges added to it; the debt was for bank fees, which had already been assessed, and as to which neither ACI nor Chase/WaMu had any right to add further interest or assess late charges. Indeed, as shown by the earlier letter from Chase/WaMu (Exhibit C), no interest, late charges or other charges were being added to this debt.

11. All of the collection actions at issue occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692e(2)(A) Of The FDCPA – False Statements About The Amount Of The Debt

13. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

14. Defendant ACI violated this provision by falsely stating that "because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment". In fact, the debt – for bank service charges -- would not incur any further interest, late charges, or other charges. Thus, Defendant's collection letter (Exhibit D) made a false, deceptive or misleading statement, in violation of § 1692e of the FDCPA.

15. Defendant ACI's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

16. Plaintiff, Karen A. Johannesen, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom

4

Defendant ACI attempted to collect a delinquent consumer debt allegedly owed to Chase/WaMu on a closed checking account, via the same form collection letter (Exhibit D), ACI sent to Plaintiff, where no interest, late charges or other charges were being added to the debt, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

17. Defendant ACI regularly engages in debt collection, using the same form collection letter it sent Plaintiff Johannesen, in its attempts to collect delinquent consumer debts from other consumers.

18. The Class consists of more than 35 persons from whom Defendant ACI attempted to collect delinquent Chase/WaMu consumer debts by sending other consumers the same form collection letter it sent Ms. Johannesen.

19. Plaintiff Johannesen's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or

impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21. Plaintiff Johannesen will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Johannesen has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Karen A. Johannesen, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Johannesen as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Johannesen and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Karen A. Johannesen, individually and on behalf of all others similarly situated, demands trial by jury.

        Karen A. Johannesen, individually and on behalf of all others similarly situated,

        By: /s/ David J. Philipps_____
        One of Plaintiff's Attorneys

Dated: June 23, 2010

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com